OPINION
{¶ 1} Defendant-appellant Regina Harris appeals her conviction and sentence from the Richland County Court of Common Pleas on one count of sexual battery. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 6, 2004, the Richland County Grand Jury indicted appellant on one count of sexual battery in violation of R.C.2907.03(A)(11), a felony of the third degree. The indictment alleged that appellant, while an employee of a detention facility, engaged in sexual conduct with another, who was not her spouse, while the other person was confined in that detention facility. After waiving her right to be present at her arraignment, appellant entered a written plea of not guilty to the charge.
 {¶ 3} Appellant filed a written waiver of trial by jury and a bench trial was held on March 4, 2005. The following evidence was adduced at trial.
 {¶ 4} Russell Lee Albright, an investigator at Richland Correctional Institution (hereinafter "RCI"), an Ohio detention facility, testified that appellant, a correctional officer, was assigned to work in the package room at RCI. The package room is where packages from the warehouse are received, fluoroscoped and then items contained in the package are searched and delivered to inmates. In November of 2003, appellant was the officer in charge of the package room.
 {¶ 5} After receiving reports about improper activity going on, including complaints that appellant was engaged in an improper relationship with an inmate, a covert camera was placed in the hallway outside of the package room. On December 1, 2003, while Albright was reviewing tapes from November 24, 2003, he observed appellant kissing an inmate, Gregory Sumpter, in the doorway of the package room. The next day, on December 2, 2003, while someone was watching a live feed from the camera monitors, appellant was seen kissing Sumpter. Sumpter was then grabbed and appellant was taken into custody. Videotapes from November 24, 2003, and December 2, 2003, were admitted into evidence and played for the trial court.
 {¶ 6} After securing the area on December 2, 2003, Trooper Kevin Smith and Albright went back to the area the next day and found a blanket, which tested negative for semen. Albright testified that the blanket "was something that appeared that had been purposely brought into the institution . . . it didn't conform to normal things you would find in that area." Transcript at 44.
 {¶ 7} At trial, Trooper Kevin Smith, an investigator with the Ohio State Highway Patrol, testified as follows with respect to the events of December 2, 2003:
 {¶ 8} "On December the 2nd, I was in the office. I was contacted by Investigator Albright, and that was around 2:00 in the afternoon. He told me that he was watching a live feed from the camera, and plus he was reviewing the tape from the November 24th surveillance. That's when he came across the sexual intercourse in the package room. He informed me of that.
 {¶ 9} "At that time we rewound the video, watched it, and at that point we allowed her [appellant] to continue working. We were watching a live monitoring at that point. We observed Inmate Sumpter up in the area kissing Officer Harris, and that's when we contacted an institution captain and — that was the following day. We contacted the institution captain, had him obtain keys to unlock the area, and then we went up to the area, intercepted the inmate and also Officer Harris.
 {¶ 10} "Q. Was that December 2nd?
 {¶ 11} "A. Yes." Transcript at 47-48. Appellant was then taken into investigative custody and, when confronted with the allegations that she had kissed and had sexual intercourse with Sumpter, "immediately basically jumped from the chair and moved to an opposite area of the room clear down the big end of a conference table." Transcript at 52.
 {¶ 12} When asked by the trial court about whether there was a reason to believe that the blanket was involved, Trooper Smith testified as follows:
 {¶ 13} "We believed that there was an item placed on the floor by movements, by their movements. You can see her to the side, move to the side. We can see the inmate move down. It wasn't consistent to believe that they had laid on the cold cement floor. What that item was, we don't know. There was a tub of clothing. There was a blanket there. We assumed that that was possibly it. But this was a week later also." Transcript at 55.
 {¶ 14} Greg Sumpter was called by the trial court as a witness pursuant to Evid. R. 617. Sumpter testified that he did not remember giving any statements regarding a sexual relationship with appellant at his Rules Infraction Board hearing in January of 2004. When asked whether he was at the package room on other occasions besides to pick up a package, Sumpter refused to answer. On cross-examination, Sumpter indicated that he had told defense counsel that, at the January, 2004, hearing, he had denied having sexual intercourse with appellant, but admitted to having a relationship of a sexual nature[1] with appellant. Sumpter further remembered telling defense counsel that he had not told the Rules Infraction Board that he had sexual intercourse with appellant. A tape of the Rule Infraction Board hearing was played for the trial court and admitted as an exhibit.[2]
 {¶ 15} Appellant orally moved for a judgment of acquittal pursuant to Crim. R. 29, arguing that the State "has not made a prima facie case of sexual conduct and has not made a prima facie case of penetration." Transcript at 95. However, the trial court overruled the same.
 {¶ 16} As memorialized in a Judgment Entry filed on March 16, 2005, the trial court found appellant guilty of sexual battery. Pursuant to a Sentencing Entry filed on May 17, 2005, appellant was sentenced to one year in prison. The trial court suspended appellant's sentence and placed her on community control for a period of two (2) years. In addition, appellant was found to be a sexually oriented offender.
 {¶ 17} Appellant now raises the following assignments of error on appeal:
 {¶ 18} "I. THE TRIAL COURT ERRED PREJUDICIALLY BY OVERRULING THE MOTION FOR ACQUITTAL PRESENTED AT THE CONCLUSION OF THE STATE'S CASE.
 {¶ 19} "II. THE VERDICT IS CONTRARY TO LAW.
 {¶ 20} "III. THE VERDICT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 21} "IV. THE PROSECUTION COMMITTED MISCONDUCT DEPRIVING THE ACCUSED OF A FAIR TRIAL WHERE IT FAILED TO DISCLOSE TO THE DEFENSE THAT THE VICTIM OF AN ALLEGED SEXUAL BATTERY TESTIFIED AT THE GRAND JURY THAT NO SEXUAL CONDUCT EVER OCCURRED."
 I, II {¶ 22} Appellant, in her first assignment of error, argues that the trial court erred in overruling appellant's Crim. R. 29 motion for judgment of acquittal since there was no evidence of "sexual conduct". In her second assignment of error, appellant contends that the verdict was contrary to law since it was based upon insufficient evidence of sexual conduct. We agree.
 {¶ 23} Crim. R. 29(A) requires a trial court, upon motion of the defendant, to enter a judgment of acquittal of one or more offenses charged in an indictment if the evidence is insufficient to sustain a conviction of the offense or offenses. However, a trial court may not grant an acquittal by authority of Crim. R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. On appeal of the denial of a Crim. R. 29(A) motion, the "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Williams, 74 Ohio St.3d 569, 576, 1996-Ohio-91, 660 N.E.2d 724, citing State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 24} Appellant, in the case sub judice, was convicted of sexual battery in violation of R.C. 2907.03(A)(11). Such section states as follows: "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply . . . (11) The other person is confined in a detention facility, and the offender is an employee of that detention facility." R.C. 2907.01(A) defines "sexual conduct" as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 25} There is no dispute that Sumpter was confined in a detention facility, that appellant was an employee of the same and that Sumpter was not appellant's spouse. Thus, the critical issue is whether there is sufficient proof that appellant engaged in "sexual conduct" with Sumpter as such term is defined in R.C.2907.01(A).
 {¶ 26} Upon our review of the record, including the videotapes, we find that the trial court erred in denying appellant's Crim.R. 29 motion for judgment of acquittal since, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could not have found the essential elements of the crime of sexual battery proven beyond a reasonable doubt. In short, there is no proof beyond a reasonable doubt of "sexual conduct" between appellant and Sumpter as is required for a conviction of sexual battery pursuant to R.C. 2907.03(A)(11). At best, the videotapes show evidence beyond a reasonable doubt of "sexual contact,"[3]
between Sumpter and appellant rather than "sexual conduct". While Sumpter is shown on the videotape from November 24, 2003, dropping his pants and underwear and, on a number of occasions, lowering himself horizontally to the floor, he is never fully in view. As noted by appellant, "Sumpter's genitals cannot be seen at any time on the tape and he cannot be seen penetrating anyone or being penetrated, . . ." A trash can obstructed the camera's view of the lower part of the doorway of the package room. Nor, as the trial court notes, is appellant "viewed clearly enough to discern her position during inmate Sumpter's activity." To conclude, what is occurring between appellant and Sumpter is never clear. Sumpter himself only admitted to having a relationship of a "sexual nature" with appellant, not to having sexual intercourse.
 {¶ 27} Based on the foregoing, we find that the trial court erred in overruling appellant's Crim.R. 29 motion for judgment of acquittal since, after viewing the evidence in a light most favorable to the prosecution, any reasonable finder of fact could not have found that appellant committed the offense of sexual battery beyond a reasonable doubt. Any rational trier of fact could not have found beyond a reasonable doubt that appellant and Sumpter engaged in vaginal or anal intercourse, fellatio or cunnilingus.
 {¶ 28} Appellant's first and second assignments of error are, therefore, sustained.
 III, IV {¶ 29} Appellant, in her third assignment of error, argues that her conviction for sexual battery is against the manifest weight of the evidence. In her fourth assignment of error, appellant contends that the prosecution committed prosecutorial misconduct by failing to disclose evidence favorable to appellant.
 {¶ 30} Based on our disposition of appellant's first and second assignments of error, appellant's third and fourth assignments of error are moot.
 {¶ 31} Accordingly, the judgment of the Richland County Court of Common Pleas is hereby vacated and a judgment of acquittal is entered for appellant.
Edwards, J.
Hoffman, P.J. concurs separately.
Farmer, J. concurs.
[1] The trial court, in its March 16, 2005, Judgment Entry, noted that appellant did not explain what he meant when he used the term "sexual nature."
[2] Appellant, at the hearing, admitted to having had a relationship of a sexual nature with appellant.
[3] Revised Code 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."